IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MONARCH LIFE INSURANCE CO.          :          CIVIL ACTION
                                    :
                                    :
        v.                          :
                                    :
ESTATE OF ROBERT J. TARONE III;     :
JAMES P. McEVILLY, JR., as          :
EXECUTOR OF THE ESTATE OF           :
ROBERT J. TARONE III; and           :
LAURA SIPIO                         :          NO. 09-734

AMENDED ORDER AND OPINION

JACOB P.  HART                                 DATE:  March 23, 2011
UNITED STATES MAGISTRATE JUDGE


This Court's Order and Opinion dated March 21, 2011, is hereby AMENDED to read:

Interpleader Plaintiff Monarch Life Insurance Company has filed a motion in limine

seeking a ruling that there is no extra-contractual cause of action remaining against it in this case.

This motion will be granted.

Sipio alleges that this Court held in Fingels v. Continental Casualty Company, 2010 WL

1718289, Civ. A. No. 08-5943 (E.D. Pa. Apr. 28, 2010), that a plaintiff could bring a bad faith

claim based simply on a breach of contract.  However, the court's holding in that case was

exactly the opposite.  In Fingles, the Honorable Thomas N. O'Neill, Jr., granted the defendant's

motion to dismiss a separate common-law bad faith claim, noting that, under Pennsylvania law,

such a claim is subsumed in the breach of contract action.  Slip op. at 5-7, citing LSI Title

Agency, Inc. v. Evaluation Svces, Inc., 951 A.2d 384, 392 (Pa. Super. 2008); Northview Motors,

Inc. v. Chrysler Motors Corp., 227 F.3d 78, 91 (3d Cir. 2000).

I note that Sipio never raised a separate bad faith action against Monarch. It may be that, in citing Fingels, she simply seeks to defend her counterclaim for breach of contract. However, even a breach of contract claim is duplicative in an interpleader action. If Monarch breached its contract with Sipio, as a third-party beneficiary of decedent Robert J. Tarone, III, by failing to honor Tarone's Contract Change Form, damages are available to Sipio only in the form of the annuity money that Monarch has already deposited with this Court, pursuant to this interpleader action. Sipio is not entitled to recover attorney's fees from Monarch for a breach of contract, even if she proves that a breach occurred. Merlino v. Delaware County, 556 Pa. 422, 425 (1999) (affirming the "American rule" that the winner of a lawsuit cannot recover its attorney's fees from the loser, absent an express statutory authorization or a clear agreement by the parties).[1] For that reason, I will preclude Sipio from introducing any evidence of her attorney's fees in her breach of contract claim against Monarch.

AND NOW, this 23st day of March, 2011, upon consideration of Plaintiff's Motion in Limine, filed in this action as Document 70, and the responses thereto, it is hereby ORDERED that Plaintiff's motion is GRANTED.

BY THE COURT:

/s/ Jacob P. Hart

_____

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

---

[1] Because of this "American rule", I will decline the suggestion of other defendants, the Estate of Robert Tarone, and James P. McEvilly, Jr., that I enter this order without prejudice to a future action for attorney's fees.